PRO YO STY, J.
The petition in this suit alleges that the defendant company owes the petitioner $10,000 for this, to wit:
“Your petitioner shows that on the fourth day of March, nineteen hundred and three (1903), an agreement was entered into between the plaintiff, Mrs. Elizabeth d’Estrampes, and the said defendant, a copy of which is annexed hereto and made part hereof.
“Now your petitioner shows that as permitted by the said agreement, defendant did^ construct a canal through her property mentioned herein and has been transporting through said canal many millions of feet of lumber from lands beyond and outside of the lands of the plaintiff, described in said agreement.
“Now your petitioner shows that under said agreement, the right of the gratuitous use of said canal and of passage across plaintiff’s property, granted thereby to said defendant, was and is restricted exclusively to the timber which said defendant might cut off the particular land of the plaintiff, and was not intended, and does that was cut anywhere else.
“Now your petitioner shows that it is customary and right, and has been the custom in this country for years, for a toll or charge of one dollar ($1.00) per thousand feet of timber to be charged and paid for the right of way or passage of timber through canals or lands of another, and your petitioner shows that the defendant has transported and carried through petitioner’s land by means of the canal aforesaid, not less than ten million (10,000,000) feet of timber cut off other lands than petitioner’s, for all of which she is entitled to charge and receive a toll or charge of one dollar ($1.00) per thousand feet for said passage through her property, making a total of ten thousand dollars ($10,000.00) aforesaid.
“Now your petitioner shows that although she is informed and believes that the amount of said timber so transported through her property amounted to ten million feet, yet she alleges and believes that an amount far in excess of said ten million feet has been transported, and she desires that said defendant should be compelled to make an accounting to her of all timber originating outside of her land, passing through said canal, and that her right to claim anything in excess of said ten thousand dollars, which may be shown by said accounting be reserved.
“Your petitioner further alleges that sl\e is entitled to an injunction permanently restraining said defendant from any longer using said canal for any other purpose than the purpose contemplated and agreed to in' the original agreement of March 4th, 1903, referred to- herein above.
“Wherefore, etc.”
The contract is question reads as follows;
“And in consideration of the foregoing, it is especially covenanted and agreed by and between the parties hereto that the said Louisiana Cypress Lumber Company, vendee herein, shall have the right to enter upon the above-described property for the purpose of deading, cutting and removing said cypress trees, it being granted, in so doing, the use of all and singular, the roads, canals and other rights of way now existing on, over and through said property; and said vendee is also given the right to construct and maintain all such other roads, rights of way and canals on, over and through said property as may be necessary for its use in the deadening, cutting and removing of said cypress trees from said property; and said vendees shall also have the right to cut and use for fuel, without charge or expense, all such other trees growing on said property as may be necessary to enable it to run all steam engines which it may use in the deadening, cutting and removing of said cypress trees from said property. '
“* * * And that said vendee shall have fifteen years from and after the date hereof for the removal of said cypress trees. * * *
“ * * * It being hereby understood that the vendee, in using said roads, rights of way or canals, or in constructing new ones, shall do so in such a manner as to cause vendor’s property as little damage as possible.”
[1 ] Defendant contends that the custom alleged in the foregoing petition has not been proved, and that, as this suit is based solely upon this alleged custom, plaintiff’s demand must be rejected.
It is a fact that the alleged custom has not been proved. The only proof is that commercial canals make a charge for float *929 ing logs or allowing logs to be floated (a much smaller charge, by the way, than the $1 per thousand feet claimed by plaintiff). There is no proof whatever that for passing through canals such as that in question a toll is usually or has ever been charged.
But we do not think that the suit is sought to be predicated upon the custom in question or, in other words, upon a tacit contract. We think the custom in question is referred to simply by way of fixing the value of the use of the property, and that, while the cause of action sought to be set forth is very indefinitely stated, the petition as a whole amounts to a complaint that the defendant has used the petitioner’s property and should be made to pay whatever is right for such use. All the facts are alleged, and upon them the defendant is alleged to be indebted in the amount claimed. This, we think, justifies the rendition of a judgment for whatever may be the value of the use thus made of plaintiff’s property.
[2] Defendant also alleges that said use was authorized by the existing contract. We do not so find. The contract authorized the defendant to take the cypress timber on. plaintiff’s land, and, for the purpose of removing “said cypress,” to dig and maintain canals. “Said cypress” means and can mean only the cypress on plaintiff’s land, and cannot be made to mean also other timber from other lands.
[3] The learned counsel for plaintiff in drafting her petition have carefully avoided naming the canal alone as the property of plaintiff for the use of which compensation is claimed, but have named also the land itself or, in other words, the space occupied by the canal. Claim is made because the timber has been transported through plaintiff’s land, not distinctively through plaintiff’s canal.
The reason of this discrimination is that, as a matter of fact, the canal did not belong to the plaintiff. It was dug by defendant and was being maintained by defendant, and defendant had under its contract the exclusive use of it, and might, after getting through using it, refill it. Therefore the only property belonging to the plaintiff of which defendant made use was the strip of land occupied by the canal; the canal itself, distinctively as such, did not belong to the plaintiff but belonged to defendant.
The canal is 30 arpents long; 6 arpents of it passes through a swamp, 15 arpents of it passes through low prairie land, and 9 arpents through cultivable land. Plaintiff did not learn of its having thus been used by defendant until some two years after said use had terminated, so that, by making said unauthorized use of. the canal, defendant caused plaintiff no injury, not even to her feelings. And hence no damages are claimed, but only and strictly, the value of the use of the property.
The theory of the suit is that, in so far as the defendant made use of the strip of land occupied by this canal for removing other timber than that from plaintiff’s land, defendant was a possessor in bad faith and owes the value of this use, or, in other words, fruits and revenues, like any other possessor in bad faith. And plaintiff seeks to measure these fruits and revenues by the alleged but unproved customary charge of $1 per 1000 feet for the right of passage for timber across the land of another.
In default of the proof of the said custom, the learned counsel for plaintiff would measure the value of the use of the said property by the amount which defendant saved by thus using said canal; such saving being the amount which the opening of another equally convenient canal would have cost; the said saving being said to have been some $9,000 or $10,000.
This might perhaps have been a proper criterion if the ’ canal had belonged to the *931 plaintiff, or, in other words, if the thing belonging to the plaintiff which defendant used had been the canal, but, as we have seen, the canal did not belong to plaintiff; the only thing belonging to plaintiff was the strip of land occupied by the canal.
What the value of the use of this strip of land, without a canal upon it, would have been worth, for the said use to which the defendant put it, is not proved, and we imagine would hardly be susceptible of proof. Except for the use to which defendant put it, it was of an altogether negligible value, being a narrow strip of land mostly prairie and swamp, having a total area of some 7% acres. As an outlet for defendant’s timber, it could be valuable only in case there was no other outlet available gratis. But the record shows that the owner of the land paralleling the canal and some 50 feet from it would have been glad to have the canal, or at least the half of its width on his land free of charge, provided that he was given the ownership of it after defendant was through using it.
The Civil Code provides:
“Art. 501. The fruits produced by the thing belong to its owner, although they may have been produced by the work and labor of the third person, or from seeds sown by him, on the owner’s reimbursing such person his expenses.”
Pothier, De la Propriété, p. 258, No. 334, says:
“In general, it suffices that the plaintiff could have derived from the property in question some utility appreciable in money of which the possessor has deprived him by unjustly retaining the property.
“If the property which formed the object of the demand in revendication were the mere naked ownership, there would be no restitution of fruits to be made.”
This strip of land at the time defendant thus made use of it was under the control of the defendant by virtue of the existing contract, and plaintiff had no right to the use of it, therefore for all purposes of deriving a revenue from the use of this strip of land, plaintiff was in no better position than one having only the naked ownership.
But, putting this aside, and assuming that this strip of land has produced the full amount which defendant has saved by using it, and that this saving represents the fruits and revenues of said strip of land, the plaintiff, under the provision of the above transcribed article 501 of the Code, cannot claim these fruits and revenues without reimbursing defendant the amount expended in constructing this canal. These revenues were not produced by the said strip of land in its original condition and without any canal upon it, but after the defendant had incurred the expense of constructing said canal upon it. Indeed, the property that produced the revenues was the canal more than the land.
Whether these expenses were greater or less than the amount of the said saving cannot be ascertained'from the record. Eor constructing this and the connecting canals (this canal was but a link), the defendant built a dredgeboat at an expense of $15,-000 and operated it at an expense of $1,400 to $1,600 per mile.
Upon the whole, we find no sufficient basis for judgment against defendant.
The learned trial judge dealt with the case as if the canal had belonged to plaintiff, and based his judgment upon the maxim that no one should enrich himself at the expense of another. But, as already seen, the canal did not belong to plaintiff, it had been dug by defendant, and, under' the existing contract, defendant had the exclusive use and control of it for 15 years from the date of the contract March 3, 1903; that is to say, until March 3, Í918. And in the second place, even if the canal had belonged to plaintiff, and even if the use of it had saved some $9,000 or $10,000 to defendant, this saving would not necessarily have been at the expense of plaintiff. Plaintiff was not made *933 any poorer by it. The owner of land who suffers another person to float logs upon his drainage canal cannot be said to be made any poorer thereby, although this other person may thereby be saved some expense and be pro tanto enriched. We can conceive that a right of passage through lands enclaving a brake of timber might be valuable, and that the owner of the enclaving land might have the right, under proper allegations and proof, to recover, by way of damages or otherwise, the value of this right of passage from the person who had usurped it for removing the enclaved timber, but the allegations and proof in the present suit do not make out such a case. Nor could such a case be made upon the facts. The land of plaintiff did not enclave the timber in question.
The judgment appealed from is set aside, and the suit is dismissed at plaintiff’s cost.